UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2009 SEP 09 P 3: 24

Konrad Korzeniowski
Plaintiff,
v.

Civil No: 3:09 CV 1425 (WWE)

Encore Receivable Mangement, Inc
William Higgainbotham

Date: September 02, 2009
Demand: Jury Trial

**COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

Plaintiff Konrad Korzeniowski, for its Complaint alleges;

1. Plaintiff t brings this action under Sections 5(a), 5(m) (1)(a), and 13 (b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§45(a), 45(m)(1)(a) , and 53(b), to secure permanent injunctive relief and other equitable relief, including rescission, reformation, redress and disgorgement, against defendants for engaging in unfair and deceptive acts and practice in violation of Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a), and acts or practices in violation of the Fair Debt Collection Practices Act( "FDCPA"),15 U.S.C § 1692 et seq., as amended

**JURISDICTION AND VENUE**

2. United District Court District of Connecticut has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1337(a), and 1345, and 15 U.S.C §§ 45(a), 53(b), and 1691 l. This action arises under 15 U.S.C. § 45 (a) and 15 U.S.C. §16921.

3. Venue District Court for the District of Connecticut is proper under 28 U.S.C §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

4. At all times material to this complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as " commerce" is defined in Section 4 of the FTC Act, 15 U.S.C §44

## PARTIES

5. Plaintiff Konrad Korzeniowski is a consumer living in state of Connecticut.

6. Defendant, Encore Receivable Management, Inc. At all the times relevant to this Complain, Defendant has transacted business at 400 N. Rogers Road Olathe KS 66062

7. Defendant, William Higgainbotham is Chairman of a Encore Receivable Management, Inc. At all the times relevant to this Complaint, Defendant has transacted business at 400 N Rogers Road Olathe KS 66062

8. Defendant is a debt collector as "debt collector" is defined in Section 803(6) of the FDCP Act, 15 U.S.C §1692a (6).

9. The term" consumer" as used in this Complaint means any person obligated or allegedly obligated to pay any debt as " debt" is defined in Section 803(5) of the FDCP Act, 15 U.S.C §1692a(5)

## FAIR DEBT COLLECTION PRACTICE ACT

10. In 1977, Congress passed the FDCP Act, 15 U.S.C § 1692-1692o, which became effective on March 20, 1978, and has been in force ever since that date. Section 814 of the FDCP Act, 15 U.S.C § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCP Act by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional test set by the FTC Act, including the power to enforce the provisions of the FDCP Act in the same manner as if the violations were violations of the Federal Trade Commission trade regulation rule.

## VIOLATION OF SECTION 5 OF THE FTC ACT

11. Section 5(a) of the FTC act, 15 U.S.C §45(a), prohibits unfair or deceptive acts or practices in or affecting commerce

## COUNT 1

12. On numerous occasions, in connection with the collection of debts, the Encore Receivable Management have represented to consumers, expressly or by implication, that if the consumer does not pay the defendants, the defendants can and will take actions that will have a significant adverse effect on the consumer's credit report.

13. In true and in fact, a consumer's failure to pay to Encore Receivable Management, Inc cannot and will not have a significant adverse effect on consumer's credit report when a debt is disputed.

14. Therefore, the Defendant's representations as set forth in Paragraph 26 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C §45(a)

## COUNT 2

15. On numerous occasions, in connection with the collection of debts, the defendants have represented to consumers, expressly or by implication, that;

    a. The consumer can be arrested or imprisoned for failing to pay the Defendants;

    b. The consumer has a legal obligation to pay to the Defendants; or

    c. If consumer does not pay the Defendants, the Defendants can or will take formal legal action against the consumer, such as filling suit, seizing or attaching property, or garnishing wages.

16. In true and in fact:

    a. The consumer cannot be arrested or imprisoned for failing to pay the Defendants;

    b. The consumer is not legally obligated to pay the Defendants if the debt is disputed until verification is obtained; and

    c. If consumer does not pay the Defendants; the Defendants cannot or will not take formal legal action against the consumer, such a filing suit, seizing or attaching property, or garnishing wages.

17. Therefore, Defendants' representations as set forth in Paragraph 31 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C §45(a).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT 3

18. On numerous occasions, in connection with the collection of a debts, the Defendants have communicated with a consumer without the consumer's prior consent given directly to the debt collector or the express permission of a court of competent jurisdiction;

    a. At the times or place that the Defendants knew or should have known to be inconvenient to the consumer, including but not limited to communicating with the consumer at the consumer's place of employment when the debt collector knew or should have known that is inconvenient for the consumer to receive such communications, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C § 1692c(a)(1); or

    b. At the consumer's place of employment when the Defendants knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communications, in violation of Section 805(a)(3) of the FDCPA.

Page 3 of 9

15 U.S.C. §1692 c (a) (3).

### COUNT 4

19. On numerous occasions, in connection with the collection of debts, the Encore Receivable Management, Inc have communicated with third parties for purpose other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonable necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C § 1692 c(b).

### COUNT 5

20. On numerous occasions, in connection with the collection of debts, Encore Receivable Management have communicated with a consumer after the consumer has notified the Defendants in writing that the consumer refuses to pay a debt or that the consumer wished the debt collector to cease further communication with the consumer, in violation of Section 805 (c) the FDCPA, 15 U.S.C. § 1692c(c).

### COUNT 6

21. On numerous occasions, in connection with the collection of debts, the Encore Receivable Management, Inc have engaged in conduct the natural consequence of which is to harass, oppress, or abuse, a person, in violation of Section 806 of the FDCPA, 15 U.S.C § 1692d, including, but not limited to;

   a. Using obscene or profane language or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C §1692d(2); and

   b. Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the number called, in violation of Section 806(5) of the FDCPA, 15 U.S.C. §1692d(5)

### COUNT 7

22. On numerous occasions, in connection with the collection of a debt Encore Receivable Management have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C §1692e, including but not limited to;

a. Falsely representing the character, amount, or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

b. Falsely representing or implying that an individual is an attorney or that a communication is from an attorney in violation of Section 807(3) of the FDCPA, 15 U.S.C §1692e(3);

c. Falsely representing or implying that nonpayment of a debt will result in the arrest imprisonment of a person or the seizure, garnishment or attachment of a person's property or wages, when such action is not lawful or when the Defendants have no intention of taking such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C §1692e(4);

d. Threatening to take action that is not lawful or the Defendants do not intend to take , such a filing a lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C§ 1692e(5);

e. Threatening to communicate with any person credit information that the Defendants know or should have know to be false, in violation of Section 807(8) of the FDCPA, 15 U.S.C §1692e(8);or

f. Using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C § 1692e(10)

## COUNT 8

23. On numerous occasions , in connection with the collection of a debt, when the consumer has notified the Defendants in writing within the thirty day period pursuant to Section 809(a) of the FDCPA, 15 U.S.C §1692g (a), that the debt, or any portion thereof, is disputed, the Defendants have continued to attempt to collect the debt before the verification of the debt was provided to the consumer, in violation of Section 809(b) of the FDCPA, 15 U.S.C § 1692 g (b)

## COUNT 9

### PENAL CODE

24. Plaintiff incorporates by reference all of the foregoing paragraphs

25. Plaintiff has been harassed numerous times by Encore Receivable Management, Inc  of filing a lawsuit against Konrad Korzeniowski if he does not pay his obligation

26. Encore Receivable Management employees has harassing Konrad korzeniowski on the phone of taking his wages, and salary, or any bonuses to satisfy his debt
27. Encore Receivable Management has harassing Konrad Korzeniowski of notifying CheckSystem, a consumer reporting agency of any delinquency of an account if Konrad Korzeniowski don't meet with his obligation
28. Encore Receivable Management took adverse action, to collect a debt that has not been verify with is violation of Section 809(b) of the FDCPA, 15 U.S.C § 1692 g (b)
29. Konrad Korzeniowski suffer injury and will continue to suffer substantial injury as a result of defendants Law Office of Mitchell N. Kay of violation of Fair Debt Collection Practice Act

## CIVIL PENALTY FOR VIOLATION OF PENAL CODE

30. Pursuant to Connecticut General Statue Sec 42-110 b Encore Receivable Management, intentionally doing Unfair and Deceptive business practice and shall be punished by law to maximum penalty of $25,000 for each violence and allowed by Connecticut Penal Code, Title 53a, Sec53a-25 and Connecticut General Statue Sec 42-110b
31. Encore Receivable Management shall be punished Class D Felony threatening 2nd degree up to $2,000 for each violence and class A felony of $5,000 and up to 1-5 years in prison.
32. Encore Receivable Management shall be Imprisonment for misdemeanor for class C misdemeanor Sec 53a-61(a)(3) and 53a-61a of Connecticut General Statue

## CONSUMER INJURY

33. Konrad Korzeniowski has suffered or will suffer substantial monetary loss as a result of the Encore Receivable Management Services violations of Section 5(1) of the FTC Act and the FDCPA. Absent injunctive relief by the Court, the Defendants are likely to continue to injury consumers and harm to the public interest.

## DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT HAS A POWER TO GRANT RELIEF

34. Section 13(b) of the FTC Act, 15 U.S.C. §53(b), and Section 814(a) of the FDCPA, 15 U.S.C § 126921(A), empower this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the FTC.
35. District Court for the District of Connecticut has a full diem of punish Deferent for Unlawful and Deceptive Business Practices, Violation of FTC, Fair Credit Reporting Act, Fair Debt Collection Practices Act
36. District Court for the District of Connecticut, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by the Defendant's law violations.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff request that this Court, pursuant to Section 13(b) of the FTC Act U.S.C § 53(b), and Section 814(A) of the FDCPA, 15 U.S.C § 16921(a), Connecticut Penal Code Title 53a, Sec53a-25 and Connecticut General Statue Sec 42-110b, and pursuant to its own equitable powers;

1. Award plaintiff such preliminary injunctive and ancillary relief, including a temporary restraining order, asset freeze, and appointment of a receiver, as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief;

2. Permanently enjoin Encore Receivable Management and William Higgainbotham from violating the FTC Act and The FDCPA;

3. Permanently enjoin Encore Receivable Management and William Higgainbotham from engaging, directly or indirectly, in the occupation of debt collector; and their employees, officers, directors, agents, successors, assignees, affiliates, merged, or acquired predecessors, parent, or controlling entities, subsidiaries, and all other person activity in concert or participation with them, from engaging in deceptive practices, or making false and misleading statement with is violation of Fair Debt Collection practices Act Section 623(a)(2) of the FCRA, 15 U.S.C, violation of Section 5 (a) of the FTC Act, 15 U.S.C §45(a), in violation of Section 807(10) of the FDCPA, 15 U.S.C § 1692e(10)

1. Award such relief as the Court finds necessary to redress injury to consumers resulting from the Defendant's violations of the FTC Act and the FDCPA, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains by Defendants;' and violation of Section 809(b) of the FDCPA, 15 U.S.C § 1692 g (b)

2. Award plaintiff the cost of bringing this action, as well as such other and additional relief as the Court may determine to be just a proper

3. Plaintiff total relief seeking as follow
    a. Statutory damages of: $110,000
    b. Punitive damages of: $25,000
    c. Criminal charges up to 7 years and $7,000 penalty

Respectfully submitted,
*Konrad Korzeniowski*
Konrad Korzeniowski
51 Rackliffe Drive
New Britain CT 06051
Phone: 860-595-9436
Fax: 866-796-3839

## Certification

I hereby certify that on September ___, 2009, a copy of the foregoing was mailed postage prepaid to all parties and counsel of record as follows;

Encore Receivable Management, Inc

William Higgainbotham

400 N. Rogers Road

Olathe KS 66062

Respectfully submitted

*Konrad Korzeniowski* (signature)

Konrad Korzeniowski
51 Rackliffe Drive
New Britain CT 06051
Phone: 860-595-9436
Fax: 866-796-3839