UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KONRAD KORZENIOWSKI,<br>      Plaintiff, | :<br>:<br>: |
| v. | :     3:09-cv-1425 (WWE) |
| | : |
| ENCORE RECEIVABLE<br>MANAGEMENT, INC. and<br>WILLIAM HIGGAINBOTHAM,<br>      Defendants. | :<br>:<br>:<br>: |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS
TO DISMISS AND TO STRIKE THE JOINT STIPULATION
OF DISMISSAL AND PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Konrad Korzeniowski brings this action pro se alleging that defendants Encore Receivable Management, Inc. and William Higgainbotham violated federal and state law. Defendants have filed a motion to dismiss and for sanctions (Doc. #11)[1] and a motion to strike the Joint Stipulation of Voluntary Dismissal (Doc. #16). Plaintiff has filed a motion titled "Motion for Sanction Against Defendant Attorney and Motion Under [Subpoena] to Testify Under Polygraph Relating to Defendant Motion to Strike [Plaintiff] Joint Stipulation for Voluntary Dismissal Without Prejudice" (Doc. #20). For the following reasons, defendants' motions will be granted, except with regard to sanctions, and plaintiff's motion will be denied.

Despite defendants' compliance with Local Rule of Civil Procedure 12, plaintiff has not filed a response to defendants' motion to dismiss.

---

[1] Upon the Court's instruction to defendants to comply with Local Rule of Civil Procedure 12, defendants filed a second motion (Doc. #13) to dismiss which included a notice to pro se litigant. The Court denies this motion as moot because it is repetitious of the first motion.

1

**BACKGROUND**

For purposes of ruling on motions to dismiss, the Court accepts all allegations of the complaint as true.[2]

Plaintiff is a consumer living in the state of Connecticut. Defendant Encore Receivable Management, Inc. ("Encore") has a principal place of business in Kansas. Defendant Higgainbotham is Chief Executive Officer of Encore.

Plaintiff alleges that defendants intentionally and willfully violated the Fair Credit Reporting Act, the Federal Trade Commission Act ("FTCA") and the Fair Debt Collection Practices Act ("FDCPA"). In the first and second counts of the complaint, plaintiff alleges that Encore misled consumers regarding the payment of debts in violation of the FTCA. Counts three, four, five, six, seven and eight are allegations of violations of the FDCPA. Count nine is an allegation of a violation section 42-110b of the Connecticut General Statutes, the Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiff seeks statutory and punitive damages as well as equitable relief.

The complaint alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Following the filing of defendants' motion to dismiss, plaintiff filed a "Joint Stipulation of Voluntary Dismissal" (Doc. #16) which included plaintiff's original signature and defense counsel's electronic signature. The Court granted this Stipulation of Dismissal and closed the case without prejudice (Doc. #17).

---

[2] The Court will not review the factual assertions made by defendants in their motion because such assertions are not properly before the Court on a motion to dismiss under Rule 12(b)(6). See <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993).

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

**I.      Defendants' Motion to Strike Joint Stipulation**

Defendants assert that plaintiff filed the Joint Stipulation for Voluntary Dismissal without Prejudice on February 23, 2010 without contacting defendants' counsel.  They further assert that they never consented to the joint stipulation or to plaintiff's electronic signing of counsel's name on the stipulation.

In response to defendants' motion, plaintiff filed his motion in which he contends that defendants' attorney has lied to the Court regarding these assertions.  Specifically, plaintiff asserts:

> On February 17, 2010 Plaintiff initiated phone calls to Defendant attorney ... asking for permission to remove this case from a court.  Defendant attorney Walter A. Shalvoy ... granted permission and asking to file stipulation of dismissal

with a court with his electronic signatures approved.

Plaintiff requests that the Court force attorney Shalvoy to undergo a polygraphic examination regarding his assertions.

    The Court is not aware of any authority that it may have to require an attorney to undertake a polygraphic examination to determine the veracity of his statements. Rather, attorney Shalvoy is required by the rules of this Court and the bar to ensure the veracity of all submissions to the Court.  With these protections in place, the Court will rely on attorney Shalvoy's statements and will not force him to undergo a polygraphic examination.

    In light of the posture of this case and the Court's skepticism of plaintiff's submissions,[3] the Court will grant defendants' motion to strike and will strike the Joint Stipulation of Dismissal without Prejudice.  The Court will therefore deny plaintiff's motion.

---

[3]    For example, in his motion for leave to proceed in forma pauperis, which was granted by Magistrate Judge Martinez, plaintiff declared under penalty of perjury that he had never filed a case in this Court, as of September 2, 2009.  A review of the Court's docketing system makes clear that as of that date, plaintiff had at least one case pending before the Court.  See Korzeniowski v. Nissan Motor Acceptance Corp., 3:09-cv-615 (WWE).  Further, by the time the complaint was filed in this case on September 9, plaintiff had commenced at least three more cases.  See Korzeniowski v. NCO Financial Sys, 3:09-cv-1399 (WWE); Korzeniowski v. Regional Adjustment Bureau Inc., 3:09-cv-1408 (WWE); Korzeniowski v. Audit Systems Inc., 3:09-cv-1415 (SRU).

## II. Claims Against Higgainbotham

Defendants move to dismiss plaintiff's complaint on three principal grounds. First, they argue that plaintiff filed fraudulent affidavits of service attesting to the fact that he had served defendants on October 8, 2009 when he had not. They represent that they were not served until December 30, 2009. Second, they move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because none of plaintiff's factual allegations involves these defendants. Finally, defendants argue that plaintiff's allegations do not raise the right to relief above the "speculative level."

Defendants further argue that the complaint is devoid of any factual allegations against Higgainbotham beyond the fact that he is an executive at Encore. They argue that the claims against Higgainbotham must be dismissed under rule 12(b)(6).

There are no allegations as to Higgainbotham that would support any theory of liability presently asserted in the complaint, and Higgainbotham cannot be found liable simply because he is Chief Executive Officer of Encore. See Korzeniowski v. NCO Fin. Sys., 2010 U.S. Dist. LEXIS 10437, *7-8 (D. Conn. Feb. 8, 2010) ("NCO Fin."). Therefore, the Court will dismiss the claims against Higgainbotham without prejudice.

## III. Claims Against Encore

The Court has previously ruled on a complaint significantly similar to the instant one in NCO Fin., finding that

> Plaintiff's complaint is a laundry list of the elements of the statutory violations without any factual allegations that raise the right to relief to plausible. In fact, plaintiff's complaint is the epitome of a complaint that "tenders naked assertions devoid

5

of further factual enhancement." Iqbal, 129 S. Ct. at 1949.

NCO Fin., 2010 U.S. Dist. LEXIS 10437 at *11-12.  As in that case, plaintiff here asserts no factual allegations to support holding defendants liable for the asserted statutory violations.  Further, his claims under the FTCA cannot go forward because the FTCA does not create any private causes of actions.  See Baum v. Great Western Cities, Inc., 703 F.2d 1197, 1209 (10th Cir. 1983); Frederick Chusid & Co. v. Marshall Leeman & Co., 326 F. Supp. 1043, 1063 (S.D.N.Y. 1971).

Therefore, for the reasons stated in NCO Fin., the Court will dismiss plaintiff's complaint.  Plaintiff will be permitted fourteen days from the date of the filing of this ruling to amend his complaint to assert facts to support claims against defendants Higgainbotham as well as claims under the FDCPA and CUTPA.  Plaintiff will not be permitted to assert claims under the FTCA as such dismissal will be with prejudice. Should plaintiff fail to file an amended complaint within fourteen days, the Court will dismiss this case with prejudice.

**IV.  Request for Sanctions**

In its motion to dismiss, defendants request that the Court issue sanctions against plaintiff for acting in bad faith throughout this litigation.  Defendants accuse plaintiff of filing false affidavits and being unreasonably hostile in his interactions with defendant Encore.  They further allege that plaintiff has deceived the Court numerous times by (1) claiming to having served defendants in October 2009, but not doing so until December 2009; (2) stating in his application to proceed in forma pauperis that he did not have other cases pending before the Court, when he in fact had at least seven other cases pending; (3) bringing this action as part of, as defendants allege plaintiff

6

stated, a "crusade to shut down" various collection and credit reporting agencies throughout the country even though plaintiff knew that he had no relationship with defendants; and (4) forging defendant's counsel's electronic signature on the "Joint Stipulation for Voluntary Dismissal without Prejudice" filed on February 23, 2010.

At this time, the Court will not issue sanctions against plaintiff. At the conclusion of this case, however, the Court will entertain a renewed motion for sanctions. Should defendants file such a motion, they should include a list of costs incurred in defending this action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss (Doc. #11) without prejudice except as to plaintiff's claim under FTCA which is with prejudice. The Court GRANTS defendants' motion to strike the joint stipulation of dismissal (Doc. #19). The Court further VACATES and STRIKES the Joint Stipulation of Dismissal (Doc. #16). Finally, the Court DENIES plaintiff's motion for sanctions against defendant (Doc. #20). Plaintiff is instructed to amend his complaint within fourteen days of the filing of this decision to the extent permitted above or the Court will dismiss plaintiff's case with prejudice. The Clerk is instructed to reopen this case.

Dated this 27th day of April, 2010 at Bridgeport, Connecticut.

                                      /s/
                            Warren W. Eginton
                            Senior United States District Judge